**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID CHOATE HUGHES II | ) | Case No.: 25-70566 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| ************************************** | ) | |
| | ) | |
| MONICA V. KINDT | ) | |
| Acting United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Case No.: _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID CHOATE HUGHES II | ) | |
| | ) | . |
| Defendant. | ) | |

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**

NOW COMES, MONICA V. KINDT, the Acting United States Trustee for Region 10 by

her attorney, James A. Salinas, and for her Complaint Objecting to Debtor's Discharge, states as

follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157, 1334, and 11 U.S.C. § 727. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A)

& (J). Plaintiff consents to entry of a final order and judgment by the United States Bankruptcy

Court for the Central District of Illinois.

2.      Plaintiff, Monica V. Kindt, (the "U.S. Trustee"), is the duly appointed Acting

United States Trustee for the Central District of Illinois pursuant to 28 U.S.C. § 581(a)(10).

Pursuant to 28 U.S.C. § 586(a), the U.S. Trustee is charged by Congress with the duty to monitor

the administration of cases commenced under Title 11 of the United States Code (the "Bankruptcy Code"). All statutory citations in this Complaint are to the Bankruptcy Code unless otherwise noted.

3.      Pursuant to §§ 307 and 727, the U.S. Trustee has standing to bring this complaint. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

4.      On the petition filing date, David Choate Hughes II, (the "Defendant") resided at 2812 Pat Tillman Drive, Springfield, IL, 62711. That residence has since been sold by the chapter 7 trustee. [Doc. 328, Report of Sale].

5.      Defendant filed a Notice of Change of Address reflecting a current mailing address of 3309 Robbins Rd. PMB 160, Springfield, IL 62704, which is the location of a Box-N-Go store.

6.      Defendant's current residential address is unknown.

### FACTS COMMON TO ALL COUNTS

7.      On July 10, 2025, (the "Petition Date"), the Defendant filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. [Doc. 1].

8.      Defendant did not file the other required documents on the Petition Date, such as the Schedules or the Form 107 Statement of Financial Affairs, ("SOFA"). *See* 11 U.S.C. §§ 521(a)(1). The Petition, Schedules, SOFA, and amendments thereto shall collectively be referred to as the "Bankruptcy Documents."

9.      Defendant signed the Bankruptcy Documents, affirming that they were true and correct under penalty of perjury. [Docs. 1, 15, 115 236, 341].

10.     Defendant filed his original Schedules and SOFA on July 24, 2025. [Doc. 15]. Defendant did not fully complete the original Bankruptcy Documents as required, instead leaving many sections blank and questions unanswered.

11.     Defendant intentionally failed to accurately disclose a significant portion of the information required by the Bankruptcy Documents, instead inserting the following explanation:

> Debtor respectfully states that certain portions of this Statement of Financial Affairs (Form 107) will be supplemented as necessary, but reserves the right to file a **Motion to Seal** specific responses and attachments for cause, pursuant to 11 U.S.C. § 107(b) and applicable Local Rules. This request is made in good faith to protect the privacy and safety of the Debtor, the Debtor's minor child, and family members. The Debtor has experienced prior efforts by third parties to harass or harm them using publicly filed information and seeks to prevent further misuse of sensitive or personally identifying information. A Motion to Seal will be submitted promptly to ensure the Court retains access to complete disclosures while limiting access by the general public to sensitive information.

[Doc. 15, p. 13].

12.     Defendant later filed a Motion to Seal [Doc. 28] which was denied, [Doc. 63], because none of the information requested by the Bankruptcy Documents falls within any exceptions under § 107(b) or (c).

13.     On August 12, 2025, Defendant filed an inaccurate Amended SOFA, in which he omitted the following material information: (a) a list of businesses owned or operated within four years of the Petition Date as required by SOFA question 27;   (b) a list of all legal actions and legal proceedings as required by SOFA question 9; (c) the transfer of property into the self-settled "Choate Reimer Hughes Irrevocable Trust" as required by SOFA question 19. [Doc. 17].

14.     The undersigned conducted settings of the chapter 11 Meeting of Creditors required by § 341(a) on the following dates: August 15, September 8, September 26, October 20, November 3, and December 1, 2025, and January 26, 2026. Defendant appeared and was placed under oath at these Meetings prior to providing his testimony, which included that he had listed all his assets and creditors on the Bankruptcy Documents. The chapter 11 § 341 Meeting was never concluded.

15.     On the U.S. Trustee's Motion [Doc. 177], and over the Defendant's objection, the Court converted this case to chapter 7 on February 10, 2026. [Doc. 196].

16.     Robert E. Eggmann, III, was appointed chapter 7 trustee in this case, and he

continues to serve in that capacity. [Doc. 201].

17.     Trustee Eggmann presided over the Chapter 7 initial 341 meeting on March 11, then adjourned it to April 8, at which time the Meeting was held and concluded. Trustee Eggmann placed Defendant under oath prior to eliciting his testimony at these meetings (together with the Chapter 11 Meetings, the "341 Meetings").

## <u>COUNT I - CONCEALMENT OF PROPERTY</u><br><u>11 U.S.C. § 727(a)(2)(A)&(B)</u>

18.     The U.S. Trustee realleges and incorporates herein the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19.     Section 727(a)(2) provides that the Court shall grant a discharge unless:

> (2) the debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody or property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed --
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition . . . .

20.      The Defendant concealed property of the debtor on the Petition Date, and concealed property of the estate after the Petition Date. Specifically, at a minimum, Defendant intentionally concealed multiple bank accounts and the amounts on deposit therein, along with numerous business entities he owned and operated, by failing to list those assets in his Bankruptcy Documents.

21.     Defendant repeatedly emphasized that he would provide further information at later dates, upon request, or after he filed a motion to provide the information under seal. However, even after the denial of his request to seal the information, Defendant failed to properly include businesses, accounts, and legal proceedings in which he owned or had an interest on the Petition Date in his Bankruptcy Documents.

22.     Schedule A/B, question 17, requires a debtor to disclose his interest in any deposits of money, including any banking or financial accounts, as of the petition date. On the original schedules filed in this case, Defendant did not list any *pre-petition* accounts in response to this question, instead only listing recently created post-petition DIP accounts. [Doc. 15, p. 18].

23.     On the Petition Date, Debtor owned an interest in at least six bank accounts with West Central Bank, along with a checking and savings account with IHMVCU and a checking and savings account with Navy Federal Credit Union.

24.     Prior to, and on the Petition Date, Defendant also owned undisclosed interests in a Stripe Account and a Venmo account. Neither have been listed in any Bankruptcy Documents. *See* [Docs. 15, 17, 339].

25.     Some of the accounts identified above were eventually disclosed in post-petition amendments, but some were not. Further, Defendant has failed to produce statements to verify the balances and status of all the accounts as of the Petition Date, only providing statements for the West Central Bank accounts.

26.     As of the Petition Date, Defendant also was both a beneficiary and a trustee of the Choate Reimer Hughes Irrevocable Trust (the "Trust"). Defendant's interest in the Trust is property of the Defendant's bankruptcy estate.

27.     The Trust also had a bank account at West Central Bank, for which Defendant was a signatory as trustee of the Trust.

28.     Neither the Trust nor any property owned by the Trust was disclosed in the Defendant's Bankruptcy Documents, as required.

29.     The Defendant's concealment of the above-referenced property of the estate was ongoing throughout the pendency of this bankruptcy case, as he has continually failed to disclose

all the property in his Bankruptcy Documents, despite repeated requests to do so.

30.     The Defendant's continued concealment of the property was done with the intention to hinder, delay, and/or defraud first his creditors, and, eventually, the chapter 7 trustee.

31.     Defendant's fraudulent intent is further demonstrated by his failure to provide records to the U.S. Trustee regarding his finances or any pending litigation in which the Defendant was a party that was ongoing within one year of the Petition Date, despite repeated requests.

WHEREFORE, the United States Trustee respectfully asks the Court to deny the Defendant's discharge pursuant to §§ 727(a)(2)(A) & 727(a)(2)(B) of the Bankruptcy Code, and for such other relief as is just.

## COUNT II – FAILURE TO KEEP OR PRESERVE INFORMATION
### 11 U.S.C. § 727(a)(3)

32.     The U.S. Trustee realleges and incorporates herein the allegations contained in paragraphs 1 through 31 as though fully set forth herein.

33.     Section 727(a)(3) provides that:

> **(a)**The court shall grant the debtor a discharge, unless—
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

34.     The Defendant has consistently failed or refused to provide the U.S. Trustee with copies and records of statements and information relating to the dissolution and winding up of the Defendant's businesses, despite there being testimony and records to support the existence and operation of those entities in the four years prior to filing.

35.     Notably, in another bankruptcy case involving an insider & affiliate of the Defendant, it was determined that the affiliate, Genie Investments NV, Inc., while under the control

and operation of the Defendant, caused that entity to transfer sums amounting to over $3 million to other entities under the Defendant's control.

36.     The Defendant's ongoing ordinary expenses are such that the amounts listed on SOFA for prior years income cannot be accurate, which implies that he has either earned undisclosed income, has undisclosed assets in reserve, or some other explanation which the Defendant has not provided.

37.     Notwithstanding that, the Defendant has not explained why he has failed to keep or preserve any recording information, books, documents, records, or papers from which his financial condition might be ascertained, other than to explain that those entities are now dissolved and he is not the custodian of records.

38.     The Defendant's explanation is insufficient to explain either his financial condition, business transactions, or to give any explanation why he is justified in not doing so, under all the circumstances of the case.

WHEREFORE, the United States Trustee respectfully asks the Court to deny the Defendant's discharge pursuant to   § 727(a)(3) of the Bankruptcy Code, and for such other relief as is just.

## COUNT III - FALSE OATH IN SIGNING PETITION AND SCHEDULES
## 11 U.S.C. § 727(a)(4)(A)

39.     The United States Trustee re-alleges and incorporates herein the allegations contained in paragraphs 1 - 38 as though fully set forth herein

40.     Section 727(a)(4)(A) of the Bankruptcy Code provides that

**(a)**The court shall grant the debtor a discharge, unless—
　**(4)** the debtor knowingly and fraudulently, in or in connection with the case—
　　**(A)** made a false oath or account;

41.      Defendant knowingly and fraudulently made a false oath when he signed his

Bankruptcy Documents under penalty of perjury, affirming that they were true and correct, because he failed to fully and accurately disclose: (a) various assets, including deposits of money, financial or banking accounts, and his interests in businesses and a trust (b) all his creditors; and (c) his income for 2023 through the Petition Date.

42.     First, Defendant failed to disclose all deposits of money, financial or banking accounts in which he had an interest on the Petition date on Sch. A/B, and the Amendments thereto, as required. The original Schedule A/B's questions 17 only lists Defendant's *post-petition* DIP accounts, opened with Axos Bank after the Petition Date. Since then, Defendant has admitted that at least ten other accounts exist. Defendant's banking records also indicate he may have further undisclosed accounts with STRIPE, Charles Schwab, and Venmo.

43.     Defendant answered "No" to question 10 of the Petition, which asks whether any bankruptcy cases are pending or being filed by an affiliate.   This was false.

44.      Genie Investments NV Inc. is the debtor in a pending bankruptcy case filed in the U.S. Bankruptcy Court for the Middle District of Florida and is an affiliate of Defendant, as he owns or controls 20 percent or more of its outstanding voting securities . 11 U.S.C. § 101(2)(B). *See* also *In re Genie Investments, NV, Inc.*, Case No. 24-00496, Doc. 41, List of Equity Security Holders (Bankr. M.D. Fla.).

45.     Defendant also failed to disclose on his SOFA that, as of the Petition Date, or in the four years preceding that date, Defendant was an owner, officer, manager, director, in multiple undisclosed businesses, *to wit*:   Genie Investments, NV Inc. ("Genie NV"); Genie Investments, LLC; Genie Investments I, LLC; "Genie II" or Genie Investments II, LLC; "Genie's Angels" or "Merkton Group;" Better Methods, I, LLC; Better Methods, II, LLC; Zumeral, Inc.; Zoomeral, Inc.; d/b/a Fixers and Flippers; d/b/a Tenant First Homes (collectively, the "Undisclosed

Businesses").

46.     Some or all the Undisclosed Businesses were still operating within the four years preceding the Petition Date, and perhaps even beyond the Petition Date.

47.     For example, Genie NV was still operating at least between 2022 and 2024, well within the four-year timeframe contemplated by SOFA question 27, requiring disclosure of businesses or connection to business.

48.     Defendant also failed to list creditors on Schedules E/F, including undisclosed & unknown negative balance checking accounts and his ex-spouse, a DSO creditor to whom the Defendant owed arrearages on the Petition Date.

49.     Defendant failed to initially list all income received in the current and previous two calendar years (2025, 2024, and 2023) on SOFA questions 4 & 5.

50.     Defendant failed to list all legal proceedings, lawsuits, and court actions in which he was a party, on the Petition Date, on both SOFA question 9 and Schedule A/B, question 33. For Schedule A/B question 33, the Defendant marked "Yes," but also indicated that he "[w]ill supply under a sealed request." [Doc. 15, p.21].

51.     Notwithstanding his response on SOFA question 9 and Schedule A/B question 33, the Defendant has been a party to numerous undisclosed lawsuits. There are multiple other undisclosed lawsuits to which the Defendant is not a formal party, but in which he has appeared either as a purported representative of, or a successor-in-interest to, a dissolved entity that is a named party. Those representative or successor cases aside, Defendant was a party to the following lawsuits or legal proceedings within one year before the Petition Date:

| Case No. | Parties/Title | Nature of Case &Location | Relationship to Case |
|---|---|---|---|
| 2025-p-077 | Cohan & Hughes v. Mims | Chilton County, Alabama (Probate) | Co-Plaintiff |

| 2025-LA-154 | Hughes & Cohan v. MIMS-IPR, LLC. | Sangamon County, Illinois | Co-Plaintiff |
|---|---|---|---|
| 2016-D-09 | Hughes (Dowd) v. Hughes | Sangamon County, Illinois | Respondent |
| 2025-CV-900132 | MIMS-IPR, LLC. v. Genie Investments, LLC., David Hughes, *et. al.* | Chilton County Alabama | Co-Defendant |
| 3:25—cv-00164 or 3:25-cu-00164 | John Michael Cohan & David Hughes v. Scarinci Hollenbeck, LLC. as successors to Warren Law Group & Scott Oh | U.S. District Court for the Middle District of Florida | Co-Plaintiff |
| Unknown | David C. Hughes, II v. Illinois Dept. of Children & Family Services | Sangamon County, Illinois | Plaintiff |

52.     Although Defendant did amend SOFA to include some income, the amendments are inaccurate and incomplete and did not cure the Defendant's initial failure to disclose. His disclosure remains materially false. [Docs. 15, 17, 339].

WHEREFORE, the United States Trustee respectfully asks the Court to deny the Defendant's discharge pursuant to § 727(a)(4)(A) of the Bankruptcy Code, and for such other relief as is just.

## COUNT IV - FALSE OATHS IN TESTIMONY AT 341 MEETING
## 11 U.S.C. § 727(a)(4)(A)

53.     The United States Trustee re-alleges and incorporates herein the allegations contained in paragraphs 1 - 52 as though fully set forth herein.

54.     Section 727(a)(4)(A) of the Bankruptcy Code provides that

> **(a)** The court shall grant the debtor a discharge, unless—
>> **(4)** the debtor knowingly and fraudulently, in or in connection with the case—
>>> **(A)** made a false oath or account;

55.     Defendant appeared at the 341 Meetings, was placed under oath, and swore to testify truthfully.

*Page 10 of 11*

56. Defendant falsely testified at the 341 Meetings that the information in his Bankruptcy Documents was true and correct and that he listed all his creditors and all assets on the Bankruptcy Documents. *See* ¶¶ 14, 21-24, 26-28, 36, 41-52, *supra*.

57. Notwithstanding that testimony, the Defendant did not list all his assets and creditors, even when considering Amendments filed nearly a year after the Petition Date.

58. Defendant repeatedly testified at the 341 Meetings that he was no longer involved in any businesses and that all his related businesses were dissolved and/or not in operation, without explaining how their dissolution and non-operation meant they did not have to be disclosed. His testimony was false.

WHEREFORE, the United States Trustee respectfully asks the Court to deny Defendant's discharge pursuant to. § 727(a)(4)(A) of the Bankruptcy Code, and to grant such other relief as is just.

DATED: May 15, 2026

Respectfully Submitted,
MONICA V. KINDT,
United States Trustee

*/s/ James A. Salinas*

James A. Salinas,
Trial Attorney
FL Bar No. 012587
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, IL 61602
Phone: (309) 671-7854, ext. 238
Email: James.Salinas@usdoj.gov